# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.  05-179 (HHK)** |
| | : | |
| **v** | : | |
| | : | |
| **VICTOR QUINONEZ  and** | : | |
| **SANDRA SANTIAGO** | : | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS
### AND STATEMENT OF THE CASE

**Instructions Before and During Trial**

1.02      Notetaking
1.03      Preliminary Instruction Before Trial
1.04A     Stipulation of Fact
1.05      Cautionary Instruction Prior to First Recess
1.08      Expert Testimony
1.10      Evaluation of Prior Inconsistent Statement of a Witness (if necessary)
1.11      Evaluation of Prior Consistent Statement of a Witness (if necessary)
1.13      Impeachment by Proof of Conviction of a Crime - Defendant (if necessary)

**Final Instructions**

2.01      Function of the Court
2.02      Function of the Jury
2.03      Jury's Recollection Controls
2.04      Evidence in the Case
2.05      Statements of Counsel
2.06      Indictment or Information Not Evidence
2.08      Burden of Proof - Presumption of Innocence
2.10      Direct and Circumstantial Evidence
2.11      Credibility of Witnesses
2.13      Number of Witnesses
2.14      Nature of Charges Not to be Considered
2.24      Informer's Testimony
2.26      Police Officer's Testimony
2.27      Right of Defendant Not to Testify
2.28      Defendant as Witness
2.51B     Evidence of Crimes Admitted to Intent/Absence of Mistake or Accident (if
          necessary)
2.71      Selection of Foreperson
2.72      Unanimity
2.73      Exhibits During Deliberations
2.74      Possible Punishment Not Relevant

2.75          Communications Between Court and Jury During Jury's Deliberations
2.76          Furnishing the Jury with a Copy of the Instructions


**Definitions and Proof**
3.02          Proof of State of Mind
3.07          "On or About" – Proof of
3.08          Possession - Defined
3.11          Consensual Recordings


**Offense**
4.28          Possession of a Controlled Substance
4.30          Distribution of a Controlled Substance


**Additional Instructions and Statement of the Case**

          Reasonable Doubt
          Foreign Language Transcripts
          Statement of the Case

**1.02    Notetaking**

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. It is my practice to allow jurors to take notes during the trial if they want to, and to have their notes with them during the jury's deliberations. I want to emphasize that none of you are required to take notes. Indeed, you should not do so if you think that notetaking will distract your attention from the evidence or the testimony of the witnesses. On the other hand, if you think that taking notes might help you remember the testimony of the witnesses and the other evidence in the case, or might make you pay more attention during the trial, you are free to take notes. You should remember that your notes are only an aid to help your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Whenever there is a recess in the trial, you should leave your notebooks and pencils on your seats. [They will be collected by the clerk and given to me to keep.] No one, including myself, will ever look at any of your notes. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notes will be destroyed. Again, neither I nor anyone else will look at any notes you have taken.

**1.03       Preliminary Instructions**

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone referred to in the testimony or evidence, or anyone else connected with this case in any way, you should tell the court immediately. You should not tell any other member of the jury about your discovery. If you realize you are acquainted with someone connected with this case while a witness is testifying, you should raise your hand immediately and ask to speak privately to the marshal or with me at the bench.

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case which began when the grand jury returned an indictment. An Assistant United States Attorney will present the evidence in support of the charges in the indictment.

[READ OR SUMMARIZE THE INDICTMENT OR INFORMATION]

You should understand clearly that the indictment that I just read is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him/her to trial. You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because s/he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offense  with which he has been charged. The defendant has been charged with distribution of cocaine base and possession with the intent to distribute cocaine base.  To prove distribution of cocaine base , the government must prove beyond a reasonable doubt each of the elements of this offense. The elements of distribution of cocaine base are:

1. That the defendant distributed a controlled substance. "Distribute" means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return.

2. That the defendant distributed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.  The law makes cocaine base, also known as crack, a controlled substance. You must decide whether the material was  cocaine base, also known as crack. In doing that, you may consider all evidence that may help you, including exhibits, expert and non-expert testimony.

To establish the first element of the offense, the government must prove beyond a reasonable doubt that the defendant distributed some measurable amount of a controlled substance. A measurable amount is an amount that can be assigned a numerical value, although no particular value must be proven.

The government is not required to prove that the defendant knew the precise type of controlled substance that s/he possessed. The government must prove beyond a reasonable doubt, however, that the defendant knew that s/he possessed some type of controlled substance.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his/her innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him/her guilty. On the other hand, if you find that the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty.

As I explain how the trial will proceed, I will refer to the "government" and to the "defendant." When I mention the "government," I am referring to the person who is presenting the evidence in support of the charges contained in the indictment. In this case, it is the Assistant United States Attorney, Ms. Connelly .

When I mention the defendants, I am referring either to the defendants, Mr. Quinones or his attorney, Ms. Amato, and/or Ms. Santiago or her attorney, Mr. Martin.

As the first step in this trial, the government and the defendants will have an opportunity to make opening statements. If the government makes an opening statement it must do so at the beginning of its case. The defendants may make an opening statement immediately after the government's opening statement, or may wait until the beginning of the defendants' case. The defendants do not have to make any opening statement. The opening statements are only intended to help you understand the evidence that the lawyers expect will be introduced. The opening statements are not evidence.

After the opening statement or statements, the government will introduce evidence to support the charges in the indictment. After the government presents its evidence, the defendants may present evidence, but they are not required to do so. The law does not require a defendant to prove his/her innocence or to produce any evidence.

At the end of all of the evidence, each side will have an opportunity to make a closing argument in support of its case. The lawyers' closing arguments, just like their opening statements, are not evidence in this case. They are only intended to help you understand the evidence.

Finally, at the end of the evidence and after both sides have finished closing

arguments, I will tell you in detail about the rules of law that you must follow when you consider what your verdicts shall be. Your verdicts must be unanimous; that is, all twelve jurors must agree on the verdicts.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law which applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You -- and only you -- are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide whether to believe any witness, and to what extent to believe any witness.

And remember, you must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory [and your notes if you choose to take any].

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion

about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and exhibits. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers in the case may object when the other side asks a question, makes an argument, or offers evidence which that lawyer believes is not properly admissible. You must not be prejudiced against the lawyer who makes the objection or the party s/he represents. Indeed, it is the lawyer's responsibility to object to evidence that he or she believes is not properly admissible.

If I sustain an objection to a question asked by a lawyer, you should forget the question because the question is not evidence. You must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must forget that both the question and the answer that were stricken. You should follow this same rule if any of the exhibits are stricken.

You must not be influenced by the nature of the charge in arriving at your verdict. Your responsibility is to decide this case solely on the evidence presented in the courtroom. As a result, you must not conduct any independent investigation of your own of the case -- like going to visit the scene.

In addition, you should disregard any statements made about the case by anyone outside the courtroom. You must not talk about the case with the lawyers, the defendant[s], witnesses, or anyone else connected with the case. If you see someone involved in this case outside the courtroom, other than a fellow juror, you should not speak with that person about anything. If, at any time during the trial, anyone tries to discuss the case with you or if you hear anyone talking about the case, you should refuse to participate in or listen to the discussion. If you speak with someone involved in the case outside the courtroom while the trial is still going on, we may have to stop the trial, pick a new jury and start all over again. You must also completely disregard any press coverage, including newspaper, television, or radio reports that you may read, see, or hear. If you are exposed to any news reports inadvertently, you should immediately disregard them and direct your attention elsewhere.

If you have heard any statements about the case, if anyone has tried to discuss the case with you or if you have been exposed to press coverage about the case, you must tell me about it immediately by informing the marshal or the courtroom clerk. You should not tell any of your fellow jurors or anyone else. You should tell only me, the marshal, or the clerk.

You must not discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. Until the case is submitted to you, you must not talk about it with your fellow jurors. You must not talk about the case to your friends or relatives, or even your husband or wife, until it is over and you have completed your deliberations.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

**1.04        Definitions**

A. <u>STIPULATION OF FACT</u>

The government and the defendant[s] may stipulate -- that is, agree -- to certain facts. Any stipulation of fact is undisputed evidence, and you may consider it proven.

B. <u>STIPULATION OF TESTIMONY</u>

The government and the defendant[s] may stipulate -- that is, agree -- to what testimony a particular witness would have given if he or she had testified in this case. You may consider stipulated testimony as exactly what this witness would have said had he or she testified.

**1.05**          **Cautionary Instruction Prior to First Recess**

We are about to take our first break during the trial and it is important that
you follow certain instructions whenever the court is in recess.

First, until I submit this case to you at the end of my final instructions, you
must not discuss it with anyone -- not with the parties, witnesses, attorneys, or
anyone else connected with the case. You must not even discuss it with your
fellow jurors, friends or family members. To be fair to both the government and
the defendant, you should keep an open mind throughout the trial. You should
reach your conclusion only during the final deliberations after all the evidence is
in and you have heard the attorneys' closing arguments and my instructions to you
on the law.

Second, do not permit any other person to discuss the case in your presence.
This applies to anyone, including members of your family, friends or relatives,
courtroom spectators, witnesses, reporters, and parties to this case. If anyone
attempts to discuss the case with you, tell them not to talk to you. If anyone
attempts to discuss the case with you or you overhear any discussion of the case,
you must report that fact to me as soon as you can. However, you should not
discuss with any of your fellow jurors the fact that someone tried to discuss the
case with you or that you overheard a discussion, nor should you discuss with
them any other fact that you feel necessary to bring to the court's attention. If you
need to advise me of such matters, please do so through the marshal or clerk.

Finally, although it is a natural human tendency to talk with people with

whom you may be thrown into contact, you must not talk to any of the parties or their attorneys or any witness in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having a conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you inadvertently find yourself in a courthouse corridor, elevator, the cafeteria, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to me as soon as you can. Finally, if you see an attorney or witness involved in the case and they turn and walk away from you, they are not being rude. They are merely trying to avoid any contact with you as I have instructed them.

**1.07**              **Questions Not Evidence**

Sometimes a lawyer's question suggests that something is a fact. Whether or not something is a fact depends on the witness' answer -- not the lawyer's question. A lawyer's question is not evidence.

**1.08        Expert Testimony**

Ordinarily, the rules of evidence do not permit witnesses to testify as to opinions or conclusions. But there is an exception to this rule for expert witnesses. Experts are allowed to give opinions or conclusions because they have become expert in some art, science, profession or calling. They may give their opinions or conclusions, and reasons for their opinions.

In this case, the court has permitted _____ to testify as an expert concerning _____ . You are not bound by an expert's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. In other words, give the opinion the weight you think it deserves after you consider it along with all the other evidence.

**1.10        Evaluation of Prior Inconsistent Statement of a Witness (if applicable)**

ALTERNATIVE A (for use when prior statements not made under oath are introduced):

You have heard evidence that _____ made a statement on an earlier occasion and that this statement may be inconsistent with his/her testimony here at trial. This earlier statement was brought to your attention to help you in evaluating the witness' believability here in court. In other words, if on an earlier occasion the witness made a statement that is inconsistent with his/her testimony in court, you may consider the inconsistency in judging the credibility of the witness. You may not consider this earlier statement as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness' testimony here.

ALTERNATIVE B (for use when prior statements made under oath are introduced):

You have heard evidence that _____ made an earlier statement under oath, subject to the penalty of perjury at a prior _____ [describe when statement was made to make clear which of the prior inconsistent statements fit within this category] and that this statement may be inconsistent with his/her testimony here at trial. This earlier statement was brought to your attention both to

17

help you in evaluating the believability of the witness and as evidence in this case.

In other words, if you find that the earlier statement is inconsistent with the

witness' present testimony in court, you may consider this inconsistency in judging

the credibility of the witness. In addition, you may consider this earlier statement

as proof that what was said in the earlier statement was true.

**1.11**          **Evaluation of Prior Consistent Statement of a Witness (if applicable)**

You have heard evidence that [name of witness] made a statement on an earlier occasion and that this statement may be consistent with his/her testimony here at trial. This earlier statement was brought to your attention both to help you in evaluating the believability of the witness and as evidence in this case. In other words, if you find that the earlier statement is consistent with the witness' present testimony in court, you may consider this consistency both in judging the credibility of the witness here at trial and as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness' in-court testimony here.

**1.13    IMPEACHMENT BY PROOF OF CONVICTION OF CRIME -- DEFENDANT**

You have heard evidence that the defendant has previously been convicted of a crime. A defendant's prior criminal conviction is admitted into evidence [solely] for your consideration in evaluating the defendant's credibility as a witness. The fact that the defendant was convicted of a crime in the past is not evidence that the defendant is guilty of the offense with which s/he is charged in this case. You must not draw any inference of guilt against the defendant from his/her prior conviction. You may [only] consider this prior conviction in evaluating the credibility of his/her testimony in this case.

**2.01      FUNCTION OF THE COURT**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law which applies in this case.

It is your duty to accept the law as I state it to you. You should consider all the instructions as a whole. You may not ignore any instruction, or question the wisdom of any rule of law.

**2.02    FUNCTION OF THE JURY**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. You alone decide what weight to give to the evidence presented during the trial. You decide the value of the evidence and the believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any opinion as to the facts, you should ignore it. It is your sole and exclusive duty to decide the verdict in this case.

## 2.03        JURY'S RECOLLECTION CONTROLS

If any reference by the court or the attorneys to evidence does not coincide with your own recollection of the evidence, it is your recollection which should control during your deliberations.

**2.04        EVIDENCE IN THE CASE -- STIPULATIONS**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case was the sworn testimony of the witnesses, the exhibits which were admitted into evidence, and the facts and testimony stipulated to by the parties.

During the trial, you were told that the parties had stipulated -- that is, agreed to -- certain facts. Any stipulation of fact is undisputed evidence, and you may consider it undisputed evidence.

## 2.05      STATEMENTS OF COUNSEL

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence.

**2.06     INDICTMENT OR INFORMATION NOT EVIDENCE**

The indictment is merely the formal way of accusing a person of a crime to bring him/her to trial. You must not consider the indictment as evidence of any kind -- you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

**2.07        INADMISSIBLE AND STRICKEN EVIDENCE**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence which the objecting lawyer believed was not proper. You must not be prejudiced against the lawyer who made the objections. It is the lawyers' responsibility to object to evidence which they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should disregard the question and you must not speculate as to what the answer would have been.

If, after a witness answered a lawyer's question, I ruled that the answer should be stricken, you should disregard both the question and the answer in your deliberations.

Likewise, exhibits, as to which I have sustained an objection, or which I ordered stricken, are not evidence and you must not consider them in your deliberations.

## 2.08      BURDEN OF PROOF -- PRESUMPTION OF INNOCENCE

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until s/he is proven guilty beyond a reasonable doubt.

The burden is on the government to prove the defendant guilty beyond a reasonable doubt. This burden of proof never shifts throughout the trial. The law does not require a defendant to prove his/her innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him/her guilty. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty.

**2.10     DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence from which you may find the facts of a case -- direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness' testimony is direct evidence. A chain of facts and circumstances indicating the guilt or innocence of a defendant is circumstantial evidence

The law makes no distinction between the weight you should give to either kind of evidence, nor does circumstantial evidence require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should weigh all of the evidence presented, both direct and circumstantial.

## 2.11     CREDIBILITY OF WITNESSES

In determining whether the government has established the charge[s] against the defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand; the witness' manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

[Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or

discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.]

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

## 2.13     NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side, or you may find to the contrary.

**2.14        NATURE OF CHARGES NOT TO BE CONSIDERED**

You must not allow the nature of the charge itself to affect your verdict. You must consider only the evidence that has been presented in this case in rendering a fair and impartial verdict.

## 2.24    INFORMER'S TESTIMONY

You have heard evidence that _____ is an informer.  He has an arrangement with the government whereby he helps the government obtain introductions to persons suspected of violating the law or helps the government obtain similar information. In exchange, he receives money, or immunity from punishment, or other personal advantage or vindication. The use of such persons is a recognized means of detecting criminal conduct and the government is entitled to call such persons as witnesses.

However, when an informer testifies, his testimony should be examined with greater caution than the testimony of an ordinary witness. You should consider whether what this person receives from the government has motivated him to testify falsely against the defendant in order to further his own interests.

**2.26        Police Officer's Testimony**

A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because s/he is a police officer.

## 2.27        Failure of Defendant to Testify (if applicable)

Every defendant in a criminal case has an absolute right not to testify. Leon Boyd has chosen to exercise his right to remain silent. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision, and I, therefore, instruct you not to do so. Most importantly, you must not draw any inference of guilt from the defendant's decision not to testify.

**2.28        Defendant as a witness (if applicable)**

The defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because he is the defendant. In weighing his testimony, however, you may consider the fact that the defendant has an interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony such weight as in your judgment it is fairly entitled to receive.

## 2.51(B)    EVIDENCE OF OTHER CRIMES ADMITTED TO SHOW INTENT/ABSENCE OF MISTAKE OR ACCIDENT (IF NECESSARY)

You have heard evidence that the defendant [describe other crimes evidence]. It is up to you to decide whether to accept that evidence.

[Before you consider that evidence however, you must first decide, without considering [describe other crimes evidence] at all, whether the government has proved beyond a reasonable doubt that the defendant committed the acts constituting the charged offense[s]. If, and only if, you find that the government has proved beyond a reasonable doubt, from other evidence in the case, that the defendant committed the acts constituting the charged offense[s], you may then go on to consider the evidence that the defendant [describe other crimes evidence].]

If you consider the evidence that the defendant [describe other crimes evidence], you may use the evidence of [describe the other crimes evidence] only to help you decide whether the government has proved beyond a reasonable doubt that the defendant [had the specific intent to [ ^ ] ]/[acted knowingly and on purpose, and not by mistake or by accident].

You may not consider this evidence for any other purpose. The defendant has not been charged with any offense relating to [describe the other crimes conduct], and you may not consider this evidence to conclude that the defendant has a bad character, or that the defendant has a criminal personality. The law does not allow

38

you to convict a defendant simply because you believe he may have done bad things not specifically charged as crimes in this case. Specifically, you may not consider this evidence in deciding whether the government has proved that the defendant committed the acts constituting the charged offense[s], and you may not conclude from this evidence that because the defendant may have [describe the other crimes conduct] that he also committed the act[s] charged in the indictment.

   You may only consider the evidence for the limited purpose of showing whether the defendant, if he [describe acts charged], [did so with the specific intent to [ ^ ] ][did not do so by accident/by mistake].

## 2.71       SELECTION OF FOREPERSON

When you return to the jury room, you should select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission -- to reach a fair and just verdict based on the evidence. Consider whether you wish to select a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**2.72        UNANIMITY**

The verdicts must represent the considered judgment of each juror. In order to
return a verdict, each juror must agree to the verdict. Your verdicts must be
unanimous.

**2.73      EXHIBITS DURING DELIBERATIONS**

I am sending into the jury room with you the exhibits that have been received in evidence except for the drugs. You may examine any or all of them as you consider your verdicts.

If you wish to examine the drugs, the marshal will bring them to you and remain in the room while each of you has the opportunity to examine this evidence. You should not discuss the evidence or otherwise deliberate while the marshal is present.

## 2.74     POSSIBLE PUNISHMENT NOT RELEVANT

The question of possible punishment of the defendant in the event of conviction is no concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of conviction rests exclusively with me. You should weigh the evidence in the case and determine the guilt or innocence of the defendant solely upon the basis of such evidence, without any consideration of the matter of punishment.

**2.75      COMMUNICATIONS BETWEEN COURT AND JURY**
**DURING JURY'S DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me by any means other than a signed note and I will never communicate with any member of the jury on any matter touching the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person -- not the clerk, the marshal or me -- how the jury stands on the question of the defendant's guilt or innocence until after you have reached a unanimous verdict. This means, for example, that you never should state to the court that the jury is divided 6 to 6, 7 to 5, 11 to 1, or in any other fashion, whether for conviction or acquittal.

**2.76    FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. The fact that you have been provided a copy of my instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary. Please return the instructions to me when your verdict is rendered.

## 3.02        PROOF OF STATE OF MIND

Someone's intent ordinarily cannot be proved directly, because there is no way of directly looking into the workings of the human mind. But you may infer the defendant's intent  from the surrounding circumstances. You may consider any statement made or acts done by the defendant, and all other facts and circumstances received in evidence which indicate the defendant's intent.

[You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts [knowingly done] [knowingly omitted].] It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

**3.07        On or About**

You will note that the indictment charges that the offenses were committed "on or about" February 18, 2005, March 25, 2005, April 18, 2005, and April 27, 2005.  The proof need not establish with certainty the exact date of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that each offense was committed on a date reasonably near the date alleged.

**3.08        Possession - Defined**

There are two kinds of possession: actual and constructive. A person has actual possession of something if s/he has direct physical control over it. He or she has constructive possession of something when he or she does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it, either by him or herself or through another person.

Possession may be shared with one or more people.

Mere presence near something or mere knowledge of its location is not enough to show possession. To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the narcotics, alone or with someone else.

**3.11        Consensual Recordings**

During the course of thetrial, you heard the phrase "consensual recording." This term should not be confused with the phrase "wire interception" or "wiretap." A wire interception or wiretap is a court-ordered interception of communications which does not require the consent of the parties to the conversation. A consensual tape recording, on the other hand, is a recording where one party to the conversation consents to the conversation being audio and/or video recorded. It is lawful to conduct consensual recordings, and the other party or parties to the conversation do not have to consent to the recording. Consensual recorded conversations may occur over the telephone or face to face.

**4.28        Possession of a Controlled Substance**

The essential elements of possession of a controlled substance, each of which the government must prove beyond a reasonable doubt, are:

1. That the defendant possessed a controlled substance; and

2. That the defendant did so knowingly and intentionally. This means consciously, voluntarily, and on purpose, not mistakenly, accidentally or inadvertently.

The law makes cocaine a controlled substance. You must decide whether the material was cocaine. In doing that, you may consider all evidence that may help you, including exhibits, expert and non-expert testimony.

To establish the first element of the offense, the government must prove beyond a reasonable doubt that the defendant possessed some measurable amount of a controlled substance. A measurable amount is an amount that can be assigned a numerical value, although no particular value must be proven.

**4.30        Distribution of a Controlled Substance**

The essential elements of distribution of a controlled substance, each of which the government must prove beyond a reasonable doubt, are:

1. That the defendant distributed a controlled substance. "Distribute" means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return.

2. That the defendant distributed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently. The law makes cocaine base, also known as crack, a controlled substance. You must decide whether the material was cocaine base, also known as crack. In doing that, you may consider all evidence that may help you, including exhibits, expert and non-expert testimony.

To establish the first element of the offense, the government must prove beyond a reasonable doubt that the defendant distributed some measurable amount of a controlled substance. A measurable amount is an amount that can be assigned a numerical value, although no particular value must be proven.

The government is not required to prove that the defendant knew the precise type of controlled substance that s/he possessed. The government must prove beyond a reasonable doubt, however, that the defendant knew that s/he possessed some type of controlled substance.

**Reasonable Doubt**

As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Authority: <u>United States v. Taylor</u>, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993).

**Foreign Language Transcripts**

Videotapes of conversations in Spanish identified by witnesses have been received in evidence.  Transcripts which present an English translation of words spoken in Spanish are admitted as evidence and you should treat those transcripts as you would any other evidence in this trial, according them such weight and credibility as you believe they merit.

Authority:       United States v. Cruz, 765 F.2d 1020 (11th Cir. 1985)

**Statement of the Case**

This is a criminal case.  Victor Quinonez and Sandra Santiago are the defendants in this case.  They are charged in a four count indictment with Unlawful Distribution of Cocaine, Unlawful Distribution of 50 grams or more of Cocaine Base, Unlawful Distribution of 5 grams or more of Cocaine Base, and Possession of Cocaine.  The government alleges that on February 18, 2005, Mr. Quinonez and Ms. Santiago sold 65 grams of cocaine to an undercover officer; that on March 25, 2005, Mr. Quinonez and Ms. Santiago sold 61 grams of cocaine base to an undercover officer; that on April 18, 2005, Mr. Quinonez and Ms. Santiago sold 31 grams of cocaine base to a confidential informant, and that on April 27, 2005, Mr. Quinonez and Ms. Santiago possessed 7 grams of cocaine.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____

Catherine K. Connelly
Assistant United States Attorney
Narcotics Section, Mass. Bar No. 649430
555 4th Street, N.W.  #4844
Washington, DC 20001
Office: 202-616-3384
Fax: 202-353-9414

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon Elita Amato, attorney for defendant Quinonez, and Anthony Martin, attorney for defendant Santiago, this 3rd day of November, 2005.

_____
Catherine Connelly
Assistant United States Attorney