# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case Number: HHK 05-cr-0179 |
| | : | |
| | : | |
| SANDRA SANTIAGO, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>

Pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, the Defendant in the above captioned case, through her counsel, requests this Honorable Court to instruct the jury in the above-captioned matter in accordance with the proposed instructions or ones of comparable language from the Criminal Jury Instructions for the District of Columbia (hereinafter Red Book), annexed hereto. The following citations are submitted with the understanding that this Court will accept them in this form as being in conformity with Rule 30 of the Federal Rules of Criminal Procedure.

The defense requests that this Court provide counsel with a copy of the final instructions prior to counsels' arguments to the jury.  Further, counsel requests leave of the Court to supplement the instructions as appropriate based on evidence presented at trial.

Respectfully submitted,

1

ANTHONY D. MARTIN

_____

Anthony D. Martin, 362-537
7841 Belle Point Drive
Greenbelt, MD 20770
(301) 220-3700; (301) 220-0791 (fax)

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1

### *Juror Attentiveness*

Ladies and gentlemen, you are about to enter your final duty, which is to decide the fact issues in the case.

Before you do that, I will instruct you on the law. Please pay close attention. I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified. It has been obvious to me and to counsel that you have faithfully discharged this duty. Your interest never flagged, and it is evident that you followed the testimony with close attention.

I ask you to give me that same careful attention, as I instruct you on the law.

L. Sand, et al., <u>Modern Federal Instructions, No. 2-1</u>

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2

### Role of Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be -- or ought to be -- it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

L. Sand, et al., Modern Federal Instructions, No. 2-2.

5

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3

### *Role of the Jury*

Your role is to pass upon and decide the factual issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses, you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass upon the credibility -- or believability -- of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer, which is evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection. What I say is not evidence.

The evidence does not include questions. Only the answers are evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that, upon occasion, I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness.  You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice as to any party.

L. Sand, et al., <u>Modern Federal Instructions</u>, No. 2-3.

<u>UNITED STATES v. SANDRA SANTIAGO.</u>, Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4

***Juror Obligations***

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias.  On the faith of those answers, the juror was accepted by the parties.  Therefore, those answers are as binding on each of the jurors now as there were then, and should remain so, until the jury is discharged from consideration of this case.

L. Sand, et al., <u>Modern Federal Instructions</u>, No. 2-4.

8

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5

### *Disregarding Unproven Allegations*

You will put out of your minds any reference or evidence concerning [insert count and brief description] because I have ruled that the government has failed to prove (e.g., all of the necessary elements of that charge). You must decide the remaining counts as if a charge was not made and as if no evidence was submitted in support of that charge.

You must limit your consideration to (\*\*\*) and you must determine if the government has sustained its burden of proof beyond a reasonable doubt, excluding all references to or evidence concerning \*\*\*.

9

L. Sand, et al., <u>Modern Federal Instructions</u>, No. 2-20

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6

### *Number of Witnesses and Uncontradicted Testimony*

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be4 credible. You also have to decide which witnesses to believe and which facts are true. Top do this you must look at all the evidence, drawing upon your own common sense an d personal experience. (After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.)

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since his is presumed to be innocent.

L. Sand, et al., Modern Federal Instructions, No. 2-20

11

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7

***Impeachment by Prior Inconsistent Statement***

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

L. Sand, et al., Modern Federal Instructions, No. 7-19

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 8

*The Government as a Party*

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

L. Sand, et al., <u>Modern Federal Instructions</u>, No. 2-5 (modified).

13

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 9

### Conduct of Counsel

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence, which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

L. Sand, et al., Modern Federal Instructions, No. 2-8

14

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 10


### Consider Only the Charges

The defendant is not charged with committing any crime other than the offenses contained in

the indictment.  You have heard evidence of other acts allegedly committed by the defendant.  When

that evidence was introduced, I instructed you that it was to be considered by you solely for a limited

purpose on _____

_____

_____ .

I will explain that limited purpose again in a moment.  ****

L. Sand, et al., Modern Federal Instructions, No. 3-3 (modified)

15

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 11

### *Knowingly*

You have been instructed that in order to sustain its burden of proof, the government must prove that the defendant acted knowingly. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. In determining whether or not the Government has proved that the defendant acted knowingly, you should consider all of the facts and circumstances surrounding the case.

L. Sand, et al., Modern Federal Instructions, No. 3A-1 (modified).

17

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12

***Intentionally***

The government must prove beyond a reasonable doubt that the defendant acted intentionally.

Before you can find that the defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully. That is, defendant's acts must have been the product of defendant's conscious objective rather than the produce of a mistake or accident.

L. Sand, et al., Modern Federal Instructions, No. 3A-4

18

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 13

***Improper Consideration of Defendant's Right Not to Testify***

The defendant did not testify in this case.  Under our Constitution, he has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the prosecution throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

L. Sand, et al., Modern Federal Instructions, No. 5-21

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 14

*Defendant's Interest if Defendant Testifies*

In a criminal case, the defendant cannot be required to testify, but, if she chooses to testify, she is, of course, permitted to take the witness stand on her own behalf. In this case, the defendant decided to testify. You should examine and evaluate her testimony just as you would the testimony of any witness with an interest in the outcome of this case. You should not disregard or disbelieve her testimony simply because she is charged as a defendant in this case.

L. Sand, et al., Modern Federal Instructions, No. 7-4.

20

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 15


***Witness Credibility***

You have an opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the counts of the indictment, in the face of the very different pictures painted by the government and the defense which cannot be reconciled.  You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent in his or her testimony or did he contradict himself or herself?  Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

21

How much you choose to believe a witness may be influenced by the witness' bias. Does the witness have a relationship with the government or the defendant, which may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness -- consciously or not -- to give something other than a completely accurate account of the facts he testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express himself or herself. Ask yourselves whether the witness' recollection of the facts stand up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection. In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

L. Sand, et al., Modern Federal Instructions, No. 7-1.

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 16

### *Bias and Hostility*

In connection with your evaluation of the credibility of the witness, you should specifically consider evidence of resentment or anger, which some government witnesses may have towards the defendant.

Evidence that a witness is biased, prejudiced or hostile towards the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

L. San, et al., <u>Modern Federal Instructions</u>, No. 7-2.d

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 17

***Law Enforcement Witness***

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

L. Sand, et al., Modern Federal Instructions, No. 7-16.

25

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 18

### Expert Witness (Generally)

You have heard testimony from a witness referred to as an "expert witness." An expert is allowed to express his opinion on those matters about which he has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept this witness' testimony merely because he is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

L. Sand, et al., Modern Federal Instructions, No. 7-21.

<u>UNITED STATES v. SANDRA SANTIAGO.</u>, Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 19

### *Indictment is not Evidence*

With these preliminary instructions in mind, let us turn to the charge against the defendant, as contained in the indictment.  I remind you that an indictment itself is not evidence.  It merely describes the charges made against the defendant.  It is an accusation.  It may not be considered by you as any evidence of the guilty of the defendant.

In reaching your determination of whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

L.Sand,etal.,<u>ModernFederalInstructions</u>,No.3-1.

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 20

***Number of Witnesses and Uncontradicted Testimony***

The fact that one party called more witnesses and introduced more evidence from the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe an which facts are true. To do this, you must look at all the evidence, drawing upon your own common sense and personal experience. (After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do not believe the fewer witnesses called by the other side).

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

L. Sand, et al., Modern Federal Instructions, No. 4-3.

28

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 21

### *The Indictment and the Statute*

The Indictment charges the defendant with various counts relating to unlawful possession and

distribution of cocaine and cocaine base in violation of various sections of the United States Code

including 21 USC §§841and 844  The Indictment reads as follows:

[Please Read the Indictment]

The Indictment charges the defendant with violating Sections 841(a)(1);  841(b)(1)(A)(iii);

841(b)(1)(B)(iii); 841(b)(1)(C); and Section 844(a)of Title 21 of the United States Code.

**Section 841(a)(1) provides in part that:**

(a) Unlawful acts
    Except as authorized by this subchapter, it shall be unlawful for
    any person knowingly or intentionally -
      (1) to manufacture, distribute, or dispense, or possess with
    intent to manufacture, distribute, or dispense, a controlled
    substance;

**Section 844(a) provides in part that:**

```
(a) Unlawful acts; penalties
      It shall be unlawful for any person knowingly or intentionally
to
      possess a controlled substance unless such substance was
obtained
      directly, or pursuant to a valid prescription or order, from a
      practitioner, while acting in the course of his professional
      practice, or except as otherwise authorized by this subchapter
or
      subchapter II of this chapter.
```

L. Sand, et al., Modern Federal Instructions, No. 53-1.

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 22

### *Need for Unanimity*

The government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions.  If it succeeds, your verdict should be guilty; if it fails, it should be not guilty.  To report a verdict, it must be unanimous.  If you cannot reach a unanimous verdict, you should notify the court.

Your function is to weigh the evidence in the case and determine whether or not the defendant is guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her follow jurors.  That is the very purpose of jury deliberation -- to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence -- if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, to the evidence in the case.

But you should not hesitate to change an opinion, which after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided.  If you able to reach a verdict, whether guilty or not guilty, it must be unanimous.

L. Sand, et al., <u>Modern Federal Instructions</u>, No. 9-7 (modified).

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 23

### *Presumption of Innocence and Burden of Proof*

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate" — with no evidence against him. The indictment, as you already know, is not evidence of any kind. The defendant is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offense charged in the indictment, you must find the defendant not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

Devitt, Blackmar, et al., <u>Federal Jury Practice and Instruction</u>, (4th ed.), § 12.10 (modified)

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 24

### *Reasonable Doubt*

I have said that, in order to sustain its burden of proof, the Government must prove the defendant guilty beyond a reasonable doubt. The question naturally is what is a reasonable doubt? It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt, which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

In a criminal case, the burden is at all times upon the Government to prove guilt beyond a reasonable doubt. This burden never shifts to the defendant, which means that it is always the Government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence you have a reasonable doubt, it is your duty to acquit the defendant. On the other hand, if after fair and impartial consideration of all the evidence you are satisfied of the defendant's guilt beyond a reasonable doubt, you should vote to return a guilty verdict.

L.Sand,etal., Modern Federal Instructions, No. 4-2(modified)

34

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 25

**Multiple Counts—Multiple Defendants[1]**

The indictment contains a total of four counts. Each count charges a defendant with a different crime.

There are two defendants on trial before you. You must, as a matter of law, consider each count of the indictment and

each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each

count in which he is charged. In reaching your verdict, bear in mind that guilt is personal and individual. Your verdict of

guilty or not guilty must be based solely upon the evidence about each defendant. The case against each

defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to

any defendant on any count should not control your decision as to any other defendant or any other count. No

other considerations are proper.

**Authority**

**United States Supreme Court:** Benton v. Maryland, 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969).

**District of Columbia Circuit:** United States v. Brown, 16 F.3d 423 (D.C. Cir.), *cert, denied,* 513 U.S. 900 (1994).

**First Circuit:** United States v. Wihbey, 75 F.3d 761 (1st Cir. 1996).

**Second Circuit:** United States v. Sanzo, 673 F.2d 64 (2d Cir.), *cert, denied,* 459 U.S. 858 (1982); United States v. Ferrara, 451 F.2d 91 (2d Cir. 1971), *cert, denied,* 405 U.S. 1032 (1972).

**Fifth Circuit:** United States v. Peterson, 244 F.3d 385 (5th Cir.), *cert, denied,*                    . 534 U.S. 861 (2001); United States v. Richards, 204 F.3d 177 (5th Cir.), *cert.*             ( *denied,* 531 U.S. 826 (2000).

**Sixth Circuit:** Sixth Circuit Pattern Criminal Jury Instruction 2.01B.

**Seventh Circuit:** United States v. Thornton, 197 F.3d 241 (7th Cir. 1999), *cert, denied,* 529 U.S'. 1022 (2000); United States v. Rodriguez, 53 F.3d 1439 (7th Cir. 1995^

**Eighth Circuit:** Eighth Circuit Model Criminal Jury Instruction 3.08.

**Eleventh Circuit:** United States v. Talley, 108 F.3d 277 (llth *Cir.* 1997).

[1] *See* Federal Judicial Center Pattern Instruction No. 46 Alternative C. (Rel.44t>-6/O4 Pub.485)

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 26

### *Knowingly*

You have been instructed that in order to sustain its burden of proof, the government must prove that the defendant acted knowingly. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

### **Authority**

**First Circuit:** United States v. Pitrone, 115 F.3d 1 (1st Cir. 1997); United States v. Tracy, 36 F.3d 187 (1st Cir. 1994), *cert, denied,* 514 U.S. 1074 (1995) (citing Treatise); First Circuit Pattern Criminal Jury Instruction 2.13.

**Second Circuit:** United States v. Hopkins, 53 F.3d 533 (2d Cir. 1995), *cert, denied,* 516 U.S. 1072 (1996).

**Third Circuit:** United States v. Barbosa, 271 F.3d 438 (3d Cir. 2001). **Fourth Circuit:** United States v. Wilson, 133 F.3d 251 (4th Cir. 1997).

**Fifth Circuit:** United States v. Richards, 204 F.3d 177 (5th Cir.), *cert, denied,* 531 U.S. 826 (2000); United States v. Jobe, 101 F.3d 1046 (5th Cir. 1996), *cert, denied, 522* U.S. 823 (1997); Fifth Circuit Pattern Criminal Jury Instruction 1.37.

**Sixth Circuit:** United States v. Lawson, 780 F.3d 535 (6th Cir. 1985).

**Seventh Circuit:** United States v. Fawley, 137 F.3d 458 (7th Cir. 1998); United States v. Neville, 82 F.3d 750 (7th Cir.), *cert, denied,* 519 U.S. 899 (1996).

**Eighth Circuit:** United States v. McDougal, 137 F.3d 547 (8th Cir. 1998); United States v. Dougherty, 763 F.2d 970 (8th Cir. 1985).

**Ninth Circuit:** United States v. Golb, 69 F.3d 1417 (9th Cir. 1995), *cert, denied,* 517 U.S. 1127 (1996); United States v. Pitner, 979 F.2d 156 (9th Cir. 1992).

**Tenth Circuit:** United States v. Delreal-Ordones, 213 F.3d 1263 (10th Cir.), *cert, denied,* 53KJ.S. 915 (2000); United States v. Fabiano, 169 F.3d 1299 (10th Cir.), *cert, denied,* 528 U.S. 852 (1999).

**Eleventh Circuit:** Eleventh Circuit Pattern Criminal Jury Instructions, Basic Instruction 9.1.

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 27

**Willfully**

You have been instructed that in order to sustain its burden of proof the government must prove that the defendant acted willfully. "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.

The defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake. *(If the defendant asserts a good faith misunderstanding of the law defense:* or was the result of a good faith misunderstanding of the requirement of the law. In this connection, it is for you to decide whether the defendant acted in good faith, that is, whether he sincerely misunderstood the requirements of the law, or whether he knew what he was required to do and deliberately did not do so.)

**Authority**

**United States Supreme Court:** Ratzlaf v. United States, 510 U.S. 135, 114 S. Ct. 655, 126 L. Ed. 2d 615 (1994); United States v. Poraponio, 429 U.S. 10, 97 S. Ct. 22, 50 L. Ed. 2d 12 (1976).

**First Circuit:** United States v. Smith, 278 F.3d 33 (1st Cir. 2002); United States v. Hurley, 63 F.3d 1 (1st Cir. 1995), *cert, denied,* 517 U.S. 1105 (1996) (citing **Treatise).**

**Second Circuit:** United States v. Dorge, 961 F.2d 1030 (2d Cir. 1992).

**Fifth Circuit:** United States v. Upton, 91 F.3d 677 (5th Cir. 1996), *cert, denied,* 520 U.S. 1228 (1997); United States v. Giraldi, 86-F.3d 1368 (5th Cir. 1996).

**Sixth Circuit:** United States v. Abner, 35 F.3d 251 (6th Cir. 1994).

**Seventh Circuit:** United States v. Lilly, 37 F.3d 1222 (7th Cir. 1994), *cert, denied,* 513 U.S. 1175 (1995); United States v. Walker, 25 F.3d 540 (7th Cir.), *cert, denied,* 513 U.S. 9^3 (1994).

**Eighth Circuit:** United States v. Bettelyoun, 16 F.3d 850 (8th Cir. 1994).

**Ninth Circuit:** United States v. Henderson, 243 F.3d 1168 (9th Cir. 2001); United States v. Reese, 2 F.3d 870 (9th Cir. 1993), *cert, denied,* 510 U.S. 1094 (1994).

**Eleventh Circuit:** United States v. Thomas, 8 F.3d 1552 (llth Cir. 1993); Eleventh Circuit Pattern Criminal Jury Instructions, Basic Instruction 9.1.

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 28

**Summaries Admitted as Evidence**

The government (or defense) has presented exhibits in the form of charts and summaries. I decided to

admit these charts and summaries in place of the underlying documents that they represent in order to save time

and avoid unnecessary inconvenience. Yon should consider these charts and summaries as you would any

other evidence.

**Authority**

Fourth Circuit: United States v. Fbley, 598 F.2d 1323 (4th Cir. 1979)

Fifth Circuit: United States v, Wmn, 948 F.2d *iJ5* (5th Or. 1991), *cert. denied,* 503 U.S. 976 (1992); United States v. Smyth, 556 F.2d 1179 (5th Or.), *cert, denied,* 434 U.S. 862 (1977).

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 29

### Summaries (Not Admitted As Evidence)

The charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you hi analyzing the evidence and understanding the evidence.

### Authority

**United States Supreme Court:** United States v. Johnson, 319 U.S. 503, 63 S. Ct 1233, 87 L. Ed. 1546 (1943); United States v. Spaulding, 293 U.S. 498, 506, 55 S. Ct 273, 79 L. Ed. 617 (1935).

**Second Circuit:** United States v. Nathan, 536 F.2d 988 (2d Cir.), *cert. denied,* 429 U.S. 930 (1976); United States v. Goldberg, 401 F.2d 644 (2d Ck. 1968), *cert. denied,* 393 U.S. 1099 (1969).

**Fourth Circuit** United States v. Loayza, 107 F.3d 257 (4th Ck. 1997).

**Fifth Circuit:** United States v. Tannehill, 49 F.3d 1049 (5th Ck.), *cert. denied,* 516 U.S. 859 (1995); United States v. Winn, 948 F.2d 145 (5th Ck. 1991), *cert. denied,* 503 U.S. 976 (1992).

**Sixth Circuit:** United States v. Bartone, 400 F.2d 459 (6th Ck. 1968), *cert. denied,* 393 U.S. 1027 (1969).

**Seventh Circuit:** United States v. Wooley, 494 F.2d 206 (7th Ck. 1974). **Ninth Circuit:** Ninth Circuit Criminal Pattern Jury Instruction 4.17.

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 30

**Opinion as to Character of Witness**
**To Impeach Another Witness' Credibility**

You have heard [name of witness] testify that in his opinion [name of other witness], one of the other witnesses who

testified, is an untruthful person.   Since you are the sole Judges of the facts and the credibility of witnesses, you may

consider such evidence in deciding whether or not to believe the witness whose character for truthfulness has been

questioned, giving such character evidence whatever weight you deem appropriate.

**Authority**

**Fifth Circuit:** United States v. Miller, 664 F.2d 94 (5th Cir. 1981)
**Eight Circuit:** United States v. Rogers, 549 F.2d 490 (8th Cir. 1976), c*ert. denied,* 431 U.S. 918 (1977).

<u>UNITED STATES v. SANDRA SANTIAGO.</u>, Crim. No. HHK 05-0179

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 31

### Bias and Hostility

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have towards the defendant.

Evidence that a witness is biased, prejudiced or hostile toward the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

### Authority

**District of Columbia Circuit:** Bush v. United States, 375 F.2d 602 (D.C. Cir. 1967).

**Second Circuit:** United States v. Masino, 275 F.2d 129 (2d Cir. 1960)

**Ninth Circuit:** United States v. Tousand, 619 F.2d 810 (9th Cir. 1980); United States v. Hoyos, 573 F.2d 111 (9th Cir. 1978)

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 32

**Interest in Outcome**

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

**Authority**

**Second Circuit:** United States v. Bufalino, 683 F.2d 639 (2d Cir. 1982), *cert, denied,* 459 U.S. 1104 (1983); United States v. Frank, 494 F.2d 145 (2d Cir.), *cert, denied,* 419 U.S. 828 (1974)

**Fifth Circuit:** United States v. Iacovetti, 466 F.2d 1147 (5th Cir. 1972), *cert, denied,* 410 U.S. 908 (1973)

**Seventh Circuit:** United States v. Lea, 618 F.2d 426 (7th Cir.), *cert, denied,* 449 U.S. 823 (1980)

**Eighth Circuit:** United States v. Klein, 701 F.2d 66 (8th Cir. 1983) **Ninth Circuit:**

United States v. Partin, 601 F.2d 1000 (9th Cir. 1979)

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 33

**Codefendant's Plea Agreement**

In this case, there has been testimony from a government witness who pled guilty after entering into an agreement with the government to testify. There is evidence that the government agreed to dismiss some charges against the witness and agreed not to prosecute him on other charges in exchange for the witness' agreement to plead guilty and testify at this trial against the defendant. The government also promised to bring the witness' cooperation to the attention of the sentencing court.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weigh it with great care. If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

**Authority**

**District of Columbia Circuit:** United States v. DeLoach, 530 F.2d 990 (D.C. Cir. 1975), *cert, denied,* 426 U.S. 909 (1976).

**First Circuit:** United States v. Gonzalez-Soberal, 109 F.3d 64 (1st Cir. 1997); United States v. Hernandez, 109 F.3d 13 (1st Cir. 1997).

**Second Circuit:** United States v. Gleason, 616 F.2d 2 (2d Cir. 1979), *cert, denied,* 444 U.S.,K)82 (1980)

**Fifth Circuit:** Good v. United States, 410 F.2d 1217 (5th Cir. 1969), *cert, denied,* 397 U.S. 1002 (1970).

**Sixth Circuit:** United States v. Stavroff, 149 F.3d 478 (6th Cir. 1998).

**Seventh Circuit:** United States v. Reed, 227 F.3d 763 (7th Cir. 2000); United States v. Collins, 223 F.3d 502

(7th Cir. 2000), *cert, denied,* — U.S. —, 121 S. Ct. 839 (2001).

**Eighth Circuit:** United States v. Tulk, 171 F.3d 596 (8th Cir. 1999).

<u>UNITED STATES v. SANDRA SANTIAGO.</u>, Crim. No. HHK 05-0179

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 34

**Prior Perjury[1]**

There has been evidence that a witness who testified at this trial lied under oath at another proceeding. I must

warn you that the testimony of this witness should be viewed cautiously and weighed with great care.

It is, however, for you to decide how much of his testimony, if any, you wish to believe.

**Authority**

   **Seventh** Circuit: United States v. Collins, 223 F.3d 502 (7th Cir. 2000), *cert, denied,* — U.S.
—, 121 S. Ct. 839 (2001).
   **Tenth Circuit:** United States v. Cook, 949 F.2d 289, 295 (10th Cir. 1991).

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 35

**Impeachment by Prior Inconsistent Statement[1]**

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of this' you should believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

**Authority**

**Eighth Circuit:** United States v. Rogers, 549 F.2d 490 (8th Cir. 1976); Kane v. United States, 431 F.2d 172 (8th Cir. 1976).

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 36

**Good Faith**

Good faith is act absolute defense to the charges in this case. If the defendant believed in good faith that she was acting properly, even if she was mistaken in that belief, and even if others were injured by his conduct, there would be no crime.

The burden of establishing lack of good faith and criminal intent rests upon the prosecution. A defendant is under no burden to prove his good faith; rather, the prosecution must prove bad faith or knowledge of falsity beyond a reasonable doubt.

**Authority**

**United States Supreme Court**: Cheek v. United States, 498 U.S. 192, 111 S. Ct. 604, 112 L. Ed. 2d 617 (1991); Durland v. United States, 161 U.S. 306, 16 S. Ct. 508, 40 L. Ed. 709 (1896); United States v. Ballard, 322 U.S. 78, 64 S. Ct. 882, 88 L. Ed. 1148 (1944).

**Fourth Circuit**: United States v. Hirschfield, 964 F.2d 318, 322 (4th Cir. 1992), *cert, denied,* 506 U.S. 1087 (1993).

**Fifth Circuit**: United States v. Richards, 204 F.3d 177 (5th Cir.), *cert, denied,* 121 S. Ct. 73 (2000); United States v. Peterson, 101 F.3d 375 (5th Cir. 1996), *cert, denied,* 520 U.S. 1161 (1997).

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 37


IMPERMISSIBLE TO INFER PARTICIPATION FROM ASSOCIATION
Instruction 6- 4



You may not infer that the Defendant was guilty of participating in criminal conduct merely from the

fact that he associated with other people who were guilty of wrongdoing.



*L. Sand,* et al., *Modern Federal Jury Instructions (2002)*

48

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 38

## JURY TO CONSIDER ONLY THIS DEFENDANT
### Instruction 2-18

You are about to be asked to decide whether or not the government has proven beyond a reasonable doubt the

guilt of this defendant.  You are not being asked whether any other person has been proven guilty.  Your

verdict should be based solely upon the evidence or lack of evidence as to this defendant, in accordance with

my instructions and without regard to whether the guilt of other people has or has not been proven.

*L. Sand,* et al., *Modern Federal Jury Instructions (2002)*

49

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 39

**INFORMAL IMMUNITY OF GOVERNMENT WITNESS**

Instruction 7-9

You have heard the testimony of a witness who has been promised that in exchange for testifying truthfully, completely, and fully, he will not be prosecuted for any crimes which he may have admitted either here in court or in interviews with the prosecutors. This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict a defendant on the basis of such a witness' testimony alone, if you find that his testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

50

1 L. Sand, et al., Modern Federal Jury Instructions (2002)

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 40


WITNESS USING OR ADDICTED TO DRUGS
Instruction 7-9.1


There has been evidence introduced at the trial that the government called as a witness a person who was using (*or* addicted to) drugs.  I instruct you that there is nothing improper about calling such a witness to testify about events within his personal knowledge.

On the other hand, his testimony must be examined with greater scrutiny than the testimony of any other witness.  The testimony of a witness who was using drugs at the time of the events he is testifying about, or who is using drugs (*or* an addict) at the time of his testimony may be less believable because of the effect the drugs may have on his ability to perceive or relate the events in question.

If you decide to accept his testimony, after considering it in light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves.



1 L. Sand, et al., Modern Federal Jury Instructions (2002)

52

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 41


IMPEACHMENT BY FELONY CONVICTION—NON-DEFENDANT

Instruction 7-12


You have heard the testimony of a witness who was previously convicted of a crime, punishable by

more than one year in jail (*or* involving dishonesty or false statement).  This prior conviction was put

into evidence for you to consider in evaluating the witness' credibility.  You may consider the fact that

the witness who testified is a convicted felon in deciding how much of his testimony to accept and what

weight, if any, it should be given.


1 L. Sand, et al., Modern Federal Jury Instructions (2002)

UNITED STATES v. SANDRA SANTIAGO., Crim. No. HHK 05-0179
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 42


GOVERNMENT INFORMERS

Instructions 7-14

There has been evidence introduced at trial that the government used informers in this case. I instruct you that there is nothing improper in the government's use of informers and, indeed, certain criminal conduct never would be detected without the use of informers. You, therefore, should not concern yourselves with how you personally feel about the use of informers, because that is really beside the point. Put another way, your concern is to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt, regardless of whether evidence was obtained by the use of an informer.

On the other hand, where an informer testifies, as he did here, his testimony must be examined with greater scrutiny than the testimony of an ordinary witness. You should consider whether he received any benefits or promises from the government which would motivate him to testify falsely against the defendant. For example, he may believe that he will only continue to receive these benefits if he produces evidence of criminal conduct.

If you decide to accept his testimony, after considering it in the light of all the evidence in this case, then you may give it whatever eight, if any, you find it deserves.


L. Sand, et al., Modern Federal Jury Instructions (2002)

54

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this Monday, February 06, 2006, a copy of the foregoing

Defendant's Requested Jury Instructions were sent electronically to Catherine K. Connelly, Esq.,

Assistant United States Attorney, 555 Fourth Street, NW, Washington, DC 20001.

_____
Anthony D. Martin, Esquire